## No. 59

### STATE ex v. PERRY, Coroner

### No. 19401. Supreme Court

In Prohibition. Dock. Nov. 2, 1925; 3 Abs. 690.

**311. CORONERS**—Can a coroner hold an inquest where the cause of death is known and the death is a natural one; and where the coroner has no reason to believe that the death was caused by unlawful or suspicious means?

Christopher Harrison filed a petition for a writ of prohibition alleging that he was a taxpayer of Elyria; and that Myles Perry, Coroner of Lorain County threatens to institute, without just cause or reason, proceedings to determine the cause of death of his son, Stanley Harrison.

It is claimed that the son Stanley died of diptheria, the doctor in attendance stating that his death was a natural one and caused by no unlawful or suspicious means.

Within 24 hours after the death, the body of Stanley Harrison was interred by the order of the board of health. It is claimed that to allow Perry to disinter the body in contravention of Christopher Harrison's rights to his irreparable damage; and in violation of the right to have the body of said Stanley Harrison remain undisturbed after burial; all of which will result in injury to plaintiff for which no other adequate remedy exists. By this court it is sought to restrain Perry from attempting to hold an inquest over the body of said Stanley Harrison.

It is claimed that 2856 GC. provides that where the body of a person whose death is supposed to have been caused by unlawful or suspicious means, the coroner shall inquire how the deceased came to his death.

It is claimed that the knowledge by the Coroner that the death of Stanley Harrison was a natural one and caused by no unlawful or suspicious means, leaves the coroner wholly without jurisdiction to hold an inquest; and such coroner as an inferior court or tribunal would be amenable to a writ of prohibition as to such ultra vires jurisdiction. It is stated that the coroner would be exercising jurisdiction not conferred upon him by statute if he attempted to hold an inquest.

It is further claimed that the discretionary powers of the coroner does not enter into the matter for if there is no jurisdiction conferred by statute, then there is no discretion to be exercised by the coroner.

**Attorneys**—Allen J. Seney, Toledo, for Harrison.